UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALICIA WORCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-467 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| DELTA AIR LINES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint and to Dismiss without Prejudice Her Claims Arising Under Florida Law [Doc. 22]. In her motion, Plaintiff moves the Court for leave to file her Second Amended Complaint, which will also have the effect of dismissing, without prejudice, her claims arising under Florida state law. The Court finds that this matter is fully briefed and ripe for adjudication. [See Docs. 23, 24, 25].

Plaintiff explains that she originally filed her Complaint, which involves events that occurred both in Knoxville, Tennessee and in Tampa, Florida, in the Middle District of Florida. The District Court for the Middle District of Florida transferred the case to this Court after finding that the majority of the conduct occurred in Tennessee. Plaintiff submits that after filing her proposed amended pleading she intends to file a separate complaint in Florida state court based on the facts that occurred only in Florida and allegedly violated Florida state law.

The Defendant responds that Plaintiff's proposal to file a separate suit in a state court in Florida would be inconsistent with the order of the District Court for the Middle District of Florida, which it interprets as holding that all of the claims in this matter should be litigated in this Court. Additionally, Defendant maintains that the filing of a second case in Florida would unduly delay the resolution of this matter. Finally, Defendant argues that Plaintiff filing a suit in Florida would double costs for the Defendant and, thereby, prejudice the Defendant.

Plaintiff replies that her new case in Florida will not seek in excess of $75,000.00, and therefore, it will not be removed to either the Florida District Court or transferred to this Court. Thus, Plaintiff maintains that Defendant's position regarding prejudice to the Defendant is baseless. Plaintiff maintains that Defendant will not be prejudiced by the proposed amendment, because the Court has not yet entered a scheduling order in this trial and the parties have not begun discovery or exchanged initial disclosures. Additionally, Plaintiff argues that Defendant ignores the fact that Plaintiff has suffered distinct wrongs, which form distinct causes of action and will rely on distinct facts and witnesses at trial.

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, Local Rule 15.1 requires that a "party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion." E.D. Tenn. L.R. 15.1.

First, the Court finds that the Plaintiff has complied with Local Rule 15.1 by attaching a copy of her proposed pleading to the motion to amend.

Second, the Court finds that justice requires that Plaintiff be permitted to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure.

The Court has considered the Defendant's position regarding the redundancy of Plaintiff's proposed suit in Florida. However, the Court is not prepared to issue an advisory ruling about events or redundancies that could occur. The Court has before it defense counsel's proffer that certain redundancies will occur and plaintiff's counsel's proffer that such redundancies will not occur. The record is not sufficient for the undersigned to find that the amendment would yield certain results and that it should, therefore, be denied.

Moreover, the Court finds that because the parties have not undertaken discovery or even made initial disclosures, there is little danger of prejudice inuring to Defendant through the proposed amendment.

Accordingly, the Court finds that the Plaintiff's Motion for Leave to File Second Amended Complaint and to Dismiss without Prejudice Her Claims Arising Under Florida Law **[Doc. 22]** is well-taken, and it is **GRANTED**. Plaintiff **SHALL FILE** her proposed Second Amended Complaint in the record on or before **February 26, 2014**. Additionally, the parties are **ORDERED** to conduct their Rule 26(f) conference and exchange initial disclosures on or before **April 1, 2014**.

**IT IS SO ORDERED**.

ENTER:

/s H. Bruce Guyton
United States Magistrate Judge